UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LISA CLARK,

    Petitioner,

  v.

CITY OF GIG HARBOR, a Washington municipal corporation,

    Respondent.

Case No. C09-5099 FDB

ORDER OF REMAND OF STATE CLAIMS AND STAY OF FEDERAL CLAIMS

This matter comes before the Court on Petitioner Lisa Clark's Motion for Remand of State Claims and to Stay Federal Claim. The Court, after reviewing all materials submitted by the parties and relied upon for authority, is fully informed and hereby grants Petitioner's motion and remands the state law claims to the Pierce County Superior Court and stays consideration of Petitioner's federal claim(s) pending the state court proceeding.

**Introduction and Background**

Petitioner filed this action in Pierce County Superior Court seeking review under the Land Use Petition Act (LUPA) and for damages pursuant to RCW 64.40.20 and 42 U.S.C. § 1983 arising from land use decisions of Gig Harbor relating to a fence constructed by Plaintiff in the City right-of-way. Respondent, City of Gig Harbor removed the action to this Court pursuant to 28 U.S.C. §

ORDER - 1

1441(a), which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In this case, Petitioner has alleged a cause of action under 42 U.S.C. § 1983, a provision of the Federal Civil Rights Act. Thus, this Court has original jurisdiction.

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. Petitioner does not dispute that this Court has supplemental jurisdiction over her state law claims. Accordingly, Respondent's removal of this action has brought not only the § 1983 claim, but also the related state law zoning claims implicating the Washington State Constitution, Washington statutes and state common law.

Respondent City of Gig Harbor has moved for summary judgment seeking dismissal of Petitioner's claims in their entirety, asserting that there was no "final land use decision" which would permit LUPA review and/or Petitioner has no constitutionally protected property interest. Asserting that the state law claims raise a novel or complex issue of State law and/or these claims substantially predominates over the claim over which the district court has original jurisdiction, Petitioner moves for remand of the state law claims, if not the entire case, to the state court.

**Remand of State Law Claims**

Supplemental jurisdiction under 28 U.S.C. § 1367(c) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). This discretion, however, is not unbridled. Pursuant to § 1367(c), a district court may decline to exercise jurisdiction over a

ORDER - 2

state claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. 1367(c). Deciding whether to exercise supplemental jurisdiction "is a responsibility that district courts are duty-bound to take seriously." Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir. 1997).

The categories identified in Section 1367(c) provide the primary basis for a district court's discretion to decline supplemental jurisdiction. Executive Software North America, Inc. v. United States District Court, 24 F.3d 1545, 1555-56 (9th Cir. 1994). "[U]nless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendant claims, supplemental jurisdiction must be asserted." Id. Once a court identifies a factual predicate which corresponds to one of the subsection 1367(c) categories, the exercise of discretion "is informed by whether remanding the pending state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." Id. at 1557 (internal citations and quotations omitted).

Petitioner Clark's argument for remand is premised on an assertion that her state law claims substantially predominate over her federal claim and/or the state law claims involve novel or complex issues of state law. The Respondent counters that it is more appropriate to consider this action in its procedural posture: that there has been no "land use decision" that would subject the City's actions to judicial review and/or that the Petitioner has no protected property interest that would subject the City to a claim for damages.

Regardless of how the Court views the state law claims, the Court finds, pursuant to § 1367(c)(2), that the issues involved in the state law claims predominate over Petitioner's federal claim. The factual findings and legal analysis that are necessarily part of an adjudication of Ms. Clark's state law claims will inform, and possibly control, the findings regarding the § 1983 claim.

ORDER - 3

As Petitioner has acknowledged, her federal claim is merely an alternative device to recover damages arising from the same actions that are at issue in its state law claims.

The Ninth Circuit has repeatedly recognized that local zoning and land use disputes represent an area "upon which the federal courts ought not to enter unless no alternative to its adjudication is open." Rancho Palos Verdes Corp. v. City of Laguna Beach, 547 F.2d 1092, 1094 (9th Cir. 1976); San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1105 (9th Cir. 1998); Hoehne v. County of San Benito, 870 F.2d 529, 532 (9th Cir. 1989).

The crux of Petitioner's state law claim is that the City of Gig Harbor's actions violated the statutory grant of land use governance. The Court finds, pursuant to § 1367(c)(2), that the issues involved in Petitioner's state law claims, namely the propriety and legality of Respondent's actions under Washington's land use statutes and regulations, predominate over the federal claim. The factual findings and legal analysis that are necessarily part of an adjudication of Petitioner's state law claims will inform, and possibly control, many of the findings regarding the § 1983 claim. As Petitioner's argument makes clear, the federal claim is merely an alternative device to recover damages arising from the same actions that are at issue in its state law claims. Whether the City's action amounted to a "land use decision" under the LUPA or whether Ms Clark suffered damages to a property interest are issues particularly suited to a state court determination.

An additional basis for remand the instant matter to state court is the application of the *Pullman* abstention doctrine. The *Pullman* abstention doctrine allows a federal court to postpone the exercise of federal jurisdiction when "a federal constitutional issue ... might be mooted or presented in a different posture by a state court determination of pertinent state law." C-Y Development Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir. 1983). Under the *Pullman* abstention is appropriate where:

(1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.

ORDER - 4

(2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.

(3)The possibly determinative issue of state law is doubtful
.
Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 1996).

The Ninth Circuit has consistently approved of a district court's use of *Pullman* abstention in land use cases. Sinclair Oil, at 409. The Circuit has repeatedly held that "land use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention." San Remo Hotel v. City & County of San Francisco, 145 F.3d 1095, 1105 (9th Cir. 1998). It has long been accepted that questions touching on state land use policy and the administrative processes incidental thereto are particularly well suited for disposition in the state courts. Miller v. Carr, 535 F. Supp. 682, 686 (W.D. Wash. 1982).

The second prong of the *Pullman* test is satisfied because if a state court determines that Petitioner lacks standing under the LUPA or has no protected property interest, Petitioner cannot maintain a § 1983 claim, thus eliminating the constitutional question presented here. See Sinclair, 96 F.3d at 409. The second requirement is also satisfied where a favorable decision on a state law claim would provide Petitioner with some or all of the relief requested. Id.; C-Y Development, 703 F.3d at 378.

The Ninth Circuit has required only a minimal showing of uncertainty of the state law determination to satisfy the third *Pullman* factor in land use cases. Sinclair, at 405. Here, the third prong of the *Pullman* test is satisfied because the answer to the question of whether Petitioner may maintain a LUPA claim under state law is not clear.

Accordingly, the Court finds that *Pullman* abstention is warranted. Because permitting a Washington court to determine the essentially local issues underlying Petitioner's complaint may potentially narrow, or eliminate, the federal constitutional issues presented, the principles of comity and federalism underlying *Pullman* support the court's decision to abstain from hearing the state law claims.

ORDER - 5

**Retention and Stay of Federal Claims**

Petitioner's request that the Court remand the entire case is rejected because this Court has an obligation to exercise jurisdiction over federal claims properly before it. 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined by one or more non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

The statute only permits remand of state law claims. Properly removed federal claims of which the Court has original jurisdiction are not subject to remand. See Baker v. Kingsley, 387 F.3d 649, 656-57 (7th Cir. 2004)(It is an abuse of discretion for a district court to remand a federal claim that is properly before it); Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002)(A district court has no discretion to remand a claim that states a federal question); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3rd Cir. 1995)(Nothing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the federal civil rights claims, to the state court).

In general, if a court invokes *Pullman* abstention, it should stay the federal constitutional question until the matter has been sent to the state court for a determination of the state law issues. Pearl Investment Co. v. City and County of San Francisco, 774 F.2d 1460, 1462 (9th Cir. 1985).

The Court finds it appropriate to stay the federal claim pending resolution of Petitioner's state law claims in state court, in the interests of comity and judicial economy, and to avoid the risk of inconsistent adjudications. See West Coast, Inc. v. Snohomish County, 33 F. Supp. 2d 924, 926 (W.D. Wash. 1999) (holding that simultaneously litigating state and federal issues in different forums may result in a "number of unfortunate occurrences").

ORDER - 6

## Conclusion

For the foregoing reasons, the Court declines to exercise its supplemental jurisdiction over the state law claims, remanding those claims and staying the § 1983 claim. Respondent's motion for summary judgment is moot.

ACCORDINGLY;

IT IS ORDERED:

1. Petitioner's Motion for Remand [Dkt. # 8] is **GRANTED**. The state law claims are remanded to Pierce County Superior Court. Petitioner's claims under 42 U.S.C. 1983 are stayed pending the state court proceeding.

2. Respondent's Motion for Summary judgment and to Strike Initial Hearing [Dkt. # 6] is **MOOT**. The motion seeking dismissal of the state law claims may be raised in the state court proceeding. In regards to the federal claim(s), the motion to dismiss may be renewed in this Court at the termination of the state court proceedings, if necessary.

DATED this 17th day of April, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7